RAMÓN CABALLERO ET AL., Appellants, v. REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 635. Submitted April 6, 1926.—Decided June 26, 1926.

*Rafael Arce* for the appellants.   The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

An instrument of cancellation and discharge of a mortgage was recorded in part and record thereof refused in part by the registrar for reasons stated as follows:

"The mortgage to which the preceding document refers is hereby partially canceled, in view of other documents, with regard to the following amounts: As to the two hundred dollars allotted to and recorded in favor of Ramón Caballero Delgado; as to the one thousand one hundred fifty dollars which belong to the widower, Ramón Caballero Delgado, being a part of the two thousand three hundred dollars which is the remainder of the conjugal property; as to the two hundred thirty dollars, that is, one-fifth of one-half of the remainder of the interest which belongs to Sara Isabel Caballero Santiago;   as to the two hundred thirty dollars, that is, another one-fifth of one-half of said remainder of the interest belonging to Francisco Caballero Santiago, making a total of one thousand eight hundred and ten dollars.   The cancellation is denied with regard to the two hundred thirty dollars, or one-fifth of one-half of said remainder of the interest belonging to each one of the minors Emilia, Ramón and Eduvina Francisca Caballero Santiago, whose interests amount in the aggregate to the sum of six hundred ninety dollars, because the authorization conferred upon the widower Ramón Caballero Delgado to cancel the part of the mortgage, payment of which is said to have been received by Isabel Santiago during her lifetime, is not sufficient in so far as the share of two hundred thirty dollars, which would be allotted to each one of the minor heirs Emilia, Ramón and Eduvina Francisca Caballero Santiago, is concerned, because a guardian *ad litem* has no power to authorize

such cancellation in the name of his ward; and although at the time when the deed of partition of the property was submitted for the approval of the District Court of Humacao the fact as to the authorization conferred by the parties upon Ramón Caballero to execute that cancellation was disclosed, and upon the approval by said court of the said deed, such authorization was also approved, we do not deem it to be sufficient with regard to the allotment which belongs to the minors, as the alienation of property belonging to minors (the cancellation of a mortgage being considered as an alienation) is governed by the proceeding prescribed by section 80 of the Law of Special Proceedings, section 1619 of the Revised Statutes of 1911, which is a special law regulating the procedure to be followed in order to alienate property belonging to minors, and which says, among other things, that the children over fourteen years of age shall appear before the court and have their day, and as the age of said minors does not appear from the documents which have been presented, we do not know whether or not they had a right to be heard and to give their consent to such cancellation with reference to their allotments. Instead, a cautionary notice is entered for 120 days with regard to the record denied in favor of the mortgagor Blas Rivera from whom it is said the total amount of the mortgage was received."

█ We quite agree with appellants that the law does not demand a multiplicity of proceedings in matters of this kind. A substantial compliance with the statutory requirements is enough.

In the instant case the guardian *ad litem* had been previously appointed by the court upon a full exposition of the facts and circumstances making such appointment necessary and for the specific purpose of representing the minors in the proposed partition of the deceased mother's estate. The order approving the partition as made shows on its face the previous presentation of a writing which but for the omission hereinafter mentioned might have been regarded as the position contemplated by the law of special proceedings. It shows that the intervention of the *fiscal* had been requested and that after a careful examination of the instrument and active participation in a hearing at which evidence

both oral and documentary was introduced the *fiscal* made a formal and favorable report.

It shows that the judge himself gave the matter careful consideration, that his attention was specifically directed by the petition to the power conferred upon the surviving spouse by the instrument of partition, in connection with the proposed cancellation and discharge of mortgage, and that the power thus granted was expressly ratified and approved by the court. In the circumstances it is unfortunate that neither the application for appointment of a guardian *ad litem* nor any other pleading seems to have specified the ages of the minors in question.

We also agree with appellants that the registrar has no power to review questions of fact or of law determined by a district court. Nor do we question the validity and effect of the partition as made. For the purposes of this opinion it may be further conceded that the balance due on the mortgage having been allotted to the surviving spouse, the heirs of the deceased wife took nothing of value under the partition.

Whether or not the partial payments made before the death of the wife, together with the allotment of the unpaid balance to the husband, operated to divest the heirs of the legal title to an undivided half interest in such mortgage, which vested in them immediately upon the death of the wife, is a matter that need not now be discussed. Neither the instrument of partition nor the approval thereof by the district judge proceeds upon any such theory.

The document was presented in the registry of property as a power of attorney executed by the heirs of the deceased wife, the minors being represented by a guardian *ad litem,* authorizing a cancellation of the mortgage. The surviving spouse in attempting to effect such cancellation acted not only in his own name but also as the agent and attorney in fact of such heirs, including the said minors.

The only question before us therefore is the sufficiency of the authority conferred upon Caballero. That a cancellation of mortgage involves the alienation of an interest in real property is not an open question in this jurisdiction. A question quite similar to the one now under consideration was discussed and disposed of in *Crehore* v. *Registrar* of *Property*, 22 P.R.R. 30.

Section 282 of the Civil Code provides that the tutor must be authorized by the proper district court in order to alienate the real property of minors represented by him, or in order to execute any contract the recording of which in the registry of property is required.

Section 80, chap. 1, title 5, of the Law of Special Proceedings, Comp. St. 1911 (sec. 1619) reads in part as follows:

"In all cases where, according to the provisions of the Civil Code, the parents or the tutor of a minor or incapacitated person, shall be in need of judicial authorization to do anything relative to the keeping of said minor or incapacitated person or of his property, a petition shall be filed with the district court of competent jurisdiction, setting forth under oath the following particulars.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"2. The name, age, domicile, and civil status of the minor or incapacitated person and the names, and domiciles of his nearest akin relatives up to the fourth civil grade of consanguinity or second of affinity."

Section 81 of the same law provides, among other things, that—

"Should the minor be over fourteen years of age and he does not reside without the Island, he shall in every case appear before the court to answer the interrogatory to be put to him in the act of examining the proof."

Construing together the two sections last mentioned we are constrained to hold that the specification as to the age of the minor or minors named in the petition is a jurisdictional prerequisite.

The ruling appealed from must be affirmed.